```
                  UNITED STATES DISTRICT COURT
                  MIDDLE DISTRICT OF TENNESSEE
                         AT NASHVILLE
```

MICHELLE NORROD,               )
                               )
        Plaintiff              )    Case 3:11-0540
                               )    Judge Sharp/Brown
v.                             )    **Jury Demand**
                               )
LAFARGE NORTH AMERICA, INC.,   )
                               )
        Defendants             )

## INITIAL CASE MANAGEMENT ORDER

Pursuant to Local Rule 16(d), the following Initial Case Management Plan is **adopted**.

**1. Jurisdiction.** This Court has diversity jurisdiction pursuant to 28 U.S.C. § 1332.

**2. Plaintiff's Theory of the Case.** Plaintiff was dispatched to defendant's plant to pick up a load of cement into her tanker. The truck scale at the plant was not working. Plaintiff was instructed to drive her truck under the loading chute and to let the loaders inside know when to stop loading the cement by waving her hands in the air. Plaintiff advised the loaders she had a gauge at the back of her truck and would wave her hands when to stop loading. When plaintiff waved her hands to stop the loading the defendant's employees did not see her. She backed away from the truck to try and get their attention. While backing up, she fell in an open hole created by the removing of a grate that covered an access opening to the scale.

Defendant negligently created a dangerous condition by having an uncovered access hole around the loading area and by having no barriers or warning cones around the hole and by failing to warn plaintiff of this dangerous condition.

3.  **Defendant's Theory of the Case.**  Plaintiff is not entitled to recover any amount from Lafarge because Plaintiff was at fault for the underlying incident.

Plaintiff was instructed to stay within an area designated for drivers. However, under her own volition, Plaintiff entered into an unauthorized area while not maintaining a proper lookout. Based on the facts and circumstances of the subject incident, Lafarge was not negligent; therefore, Plaintiff is not entitled to recover any amount in this matter. Lafarge satisfied its duty to warn against or remove any alleged dangerous condition. Plaintiff caused or contributed to any injuries or damages that she allegedly sustained.

4.  **Identification of the Issues.**

**Resolved Issues:** Jurisdiction and venue are resolved.

**Unresolved Issues:** All issues related to potential damages and the potential liability of the parties are unresolved.

5.  **Need for other claims or special issues under Rules 13-15, 17-21, and Rule 23 of the Federal Rules of Civil Procedure.**

At this time, the parties do not anticipate counter-claims; cross-claims; third-party claims; joinder of any parties or claims; or class action certification. Therefore, the parties have not identified any issues arising under the above-cited rules.

**6. Witnesses, if known, subject to supplementation by each party.**

>Plaintiff Michelle Norrod
>Lafarge employee Michael Furse
>Lafarge employee Michael Brown

The parties reserve the right to supplement their witness lists as they are identified through initial disclosures and discovery.

**7. Initial Disclosures and Staging of Discovery.**

**A. Initial Disclosures.** Pursuant to Fed. R. Civ. P. 26(a)(1), the parties have agreed to make their initial disclosures on or before **August 31, 2011**.

**B. Fact Discovery.** All written discovery shall be completed by **December 1, 2011**. (This includes interrogatories, production of documents and admissions); however, supplementation of discovery responses shall continue until trial subject to Rule 26(e) of the Federal Rules of Civil Procedure. All fact and party depositions shall be completed by **January 31, 2012**. Outside of electronic mail server information, the parties do not contemplate any electronic discovery.

**C. Expert Discovery.** Plaintiffs shall make their expert disclosures in accordance with Fed. R. Civ. P. 26(a)(2) on or before **March 1, 2012**. Defendant shall make its expert disclosures in accordance with Fed. R. Civ. P. 26(a)(2) on or before **April 2, 2012**. Expert depositions shall be completed on or before **June 1, 2012**.

Prior to filing any discovery-related motion the parties will schedule and conduct a telephone conference with the Magistrate Judge. The counsel requesting the conference shall check with opposing counsel as to their availability before setting a time certain for the call.

**8. Dispositive Motions.** Dispositive motions shall be filed on or before **June 29, 2012**. Responses shall be filed on or before **July 27, 2012**. Optional reply briefs may be filed on or before **August 10, 2012**. In the event that a dispositive motion is filed before the above-stated deadline, the response and reply dates are moved up accordingly (*i.e.,* **28 days** to file a response to dispositive motion or **14 days** to file a reply to response).

Briefs in support of motions, or responses thereto, shall not exceed **25 pages**. Reply briefs are limited to **five pages** absent Court permission for a longer pleading.

**9. Other Deadlines.** Absent leave of the Court, any motions to amend pleadings or to add parties shall be filed on or before **October 15, 2011**.

**10. Subsequent Case Management Conferences.** On **December 5, 2011, at 3:00 p.m.**, the parties shall have a subsequent case management telephone conference with Magistrate Judge Brown to discuss case status. **To participate in the conference call, parties shall call 615-695-2851 at the scheduled time.**

**11. Alternative Dispute Resolution.** The parties agree that they must first complete initial disclosures and some fact discovery to determine whether any Alternative Dispute Resolution ("ADR") method is appropriate. However, the parties agree that some form of ADR may be appropriate in the future.

**12. Consent to trial before the Magistrate Judge.** At this time, the parties do not consent to trial before the Magistrate Judge.

**13. Target trial date.** The parties estimate that this case will take approximately three days, depending on what issues remain for trial. After consulting with Judge Sharp's courtroom deputy, this matter is set for trial on **December 11, 2012**, **at 9:00 a.m.** Judge Sharp will conduct the final pretrial conference on **November 19, 2012, at 1:30 p.m.** Judge Sharp will issue a separate

order covering his requirements for the final pretrial conference and the trial.

It is so **ORDERED**.

/s/ Joe B. Brown
JOE B. BROWN
United States Magistrate Judge